Wood, J.
The instruction given the jury was at the request of *163, 164 163] counsel, and with the view to raise the question, *wh ether, if notice of the fraud, between the Funks, was carried home to the sheriff and Adam Stewart before the sale and purchase, such notice would invalidate Stewart’s title. It is the opinion of the whole court, as it was the opinion of the judges before whom the trial was had on the circuit, that such notice, if carried home to both sheriff and purchaser, is of no consequence in its effect upon the title of Stewart. The charge, therefore, if erroneous, was in favor of the plaintiff, and he can not avail himself of any objection to it, so far as the question of notice is involved. It was urged, however, by the plaintiff’s counsel, and is again insisted, that the deed from the elder to the younger Funk, being made to defraud creditors, was void, and the title to the property never passed by it, bub remained in Adam Funk, until conveyed by his subsequent deed to the plaintiff’s lessor.
This position can not be sustained. A deed made to defraud creditors is only void as against creditors. Such was the construction given to the statute by this court, in Burgett v. Burgett, 1 Ohio, 469; and the plaintiff’s lessor stands before us as a purchaser and not as a creditor. Such fraudulent conveyances are valid as between the parties. As between them, the title passed to Absalom was bound by the judgment, and the sheriff’s sale and deed conveyed it to the ancestor of the defendants. Of this sale no one, it is clear to us, unless he be a bona fide creditor, has any right to complain, whether the sheriff and Adam Stewart had or had not notice of the fraudulent intent which existed between the Funks. The motion must be overruled and judgment entered on the verdict.
Motion overruled.